IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------- x
| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PDH WINDUP INC.,[1] | : | Case No. 20-11580 (JKS) |
| | : | |
| Debtor. | : | **Objection Deadline: November 4, 2021 at 4:00 p.m.** |

----------------------------------- x

**NOTICE OF SATISFACTION OF SCHEDULED CLAIM
OF ORBIMED ROYALTY OPPORTUNITIES II, LP**

The Liquidating Trust (the "Trust") of the estate of PDH Windup, Inc. (the "Debtor") hereby files this notice of satisfaction (the "Notice") of the scheduled secured claim (the "Claim") of Orbimed Royalty Opportunities II, LP ("Orbimed"), and in support hereof, states as follows:

**BACKGROUND**

**A.    The Chapter 11 Filing**

1.  On June 15, 2020 (the "Petition Date"), the Debtor commenced this case by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.  On June 29, 2020, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in this chapter 11 case pursuant to Bankruptcy Code section 1102.

3.  On August 20, 2020, this Court entered an order approving the sale (the "Sale") of substantially all of the Debtor's assets [Docket No. 227] pursuant to the Asset Purchase Agreement dated as of July 10, 2020 between the Debtor and Otsuka America Pharmaceutical, Inc. The Sale closed on August 20, 2020. *See* Docket No. 230.

---

[1] The last four digits of the Debtor's taxpayer identification number are 2680.

4. On October 2, 2020, the Debtor filed the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation Dated October 2, 2020 Proposed by Proteus Digital Health, Inc. [Docket No. 286] (the "Plan"). Article 15.1(a) of the Plan provides that this Court retains exclusive jurisdiction to allow, disallow, determine, subordinate, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim or Interest (as both are defined in the Plan).

5. The Court confirmed the Plan on November 13, 2020 by entry of the Findings of Fact, Conclusions of Law and Order Approving and Confirming the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation Dated October 2, 2020 Proposed by Proteus Digital Health, Inc. [Docket No. 364] (the "Confirmation Order").

6. On November 30, 2020, the Plan became effective [Docket No. 393], and, pursuant to the Plan and Liquidating Trust Agreement, Matthew Dundon was appointed as the Liquidating Trustee of the Proteus Liquidating Trust to facilitate and implement the Plan. *See* Liquidating Trust Agreement [Docket No. 343 at Ex. A]. Section 3.1.6 of the Liquidating Trust Agreement empowers the Liquidating Trustee to "object to Claims and address and resolve issues involving objections, reconciliation, and allowance of Claims." *Id.*

7. On May 27, 2021, the Court entered the Order Extending Claims Objection Deadline [Docket No. 470] extending the deadline to object to claims through and including November 29, 2021.

**B. The Bar Date**

8. On August 7, 2020, the Court entered the Order (I) Establishing Bar Dates (A) for Filing Prepetition Proofs of Claim and (B) for the Filing of Requests for Allowance of Certain Administrative Claims; (III) Approving the Form and Manner of Notice thereof; and (III)

Granting Related Relief [Docket No. 179] (the "Bar Date Order"), which, among other things, established September 25, 2020 at 5:00 p.m. (Eastern Time) (the "Bar Date") as the general bar date.

9.   On August 13, 2020, Kurtzman Carson Consultants LLC ("KCC"), the Debtor's claims and noticing agent, gave notice of the Bar Date by mailing to all entities known or reasonably ascertainable as potential holders of a Claim: (a) a notice of the Bar Date approved by the Court (the "Bar Date Notice"); and (b) a proof of claim form. *See* Docket No. 231.

10.   Prior to the commencement of these cases, the Debtor maintained, in the ordinary course of business, books and records (the "Books and Records") that reflected, among other things, the Debtor's liabilities and the amounts thereof owed to its creditors. The Trust is reviewing and reconciling asserted and scheduled claims with the Books and Records and other documents filed in the bankruptcy cases.

**C.   The Satisfied Claim**

11.   The Debtor includes the Claim on its Schedule D as a secured claim in the amount of $9,502,842.51.

12.   In accordance with the cash collateral orders entered in this case and the Sale Order, certain of the proceeds of the Sale were paid to Orbimed to satisfy all monetary obligations of the Debtor to Orbimed. As set forth in the Sale Order, pursuant to an agreement between Orbimed and the Committee, Orbimed agreed to reduce its postpetition interest rate to 10% per annum (rather than the contractual default rate of 19% per annum that was in effect) and cap the amount of the reimbursable fees and expenses of its professionals. In addition, in accordance with the Sale Order, the Debtor and Orbimed executed a general mutual release.

13.   The Claim has been satisfied and released.

14. To wit, the Plan provides that, "[a]ny Claim that has been paid or otherwise satisfied may be designated on the Claims Register as such at the direction of the Liquidating Trustee by the Filing of a Notice of Satisfaction by the Liquidating Trustee, and without any further notice to or action, order, or approval of the Bankruptcy Court." Plan at 11.7.

## RESPONSE PROCEDURES

15. This Notice is being served on Orbimed, and Orbimed has an opportunity to object to the Trust's position that the Claim has been satisfied and released.

16. By this Notice, the Trust requests that any party with standing disputing that the Claim has been satisfied file a written response (a "Response") with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and serve such Response on the undersigned counsel by no later than **November 4, 2021 at 4:00 p.m. (prevailing Eastern time)** (the "Response Deadline"). The Trust will review any Response received and will work with any party filing a Response to determine whether any obligation remains outstanding. If the parties are unable to reach a resolution, a hearing will be held on the matter, at a date and time to be separately noticed by the Trust.

17. If a Response is not filed by the Response Deadline, such claim shall be deemed satisfied, and KCC shall update the Claims Register as set forth herein without further order of the Court.

## **NOTICE**

18. The Trust will serve copies of this Objection by United States First Class Mail upon: (a) Orbimed and its counsel; (b) the Office of the United States Trustee; and (c) all those requesting notice pursuant to the Rule 2002 Service List.

Dated: October 21, 2021               A.M. SACCULLO LEGAL, LLC

*/s/ Mary E. Augustine*
Mary E. Augustine (No. 4477)
27 Crimson King Drive
Bear, Delaware 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
Email: meg@saccullolegal.com

*Attorneys for the Liquidating Trust*

5